[Crim. No. 4344. In Bank.—April 28, 1941.]

THE PEOPLE, Respondent, v. JOHN LININGER, Appellant.

C. C. Barkley for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

EDMONDS, J. The appellant pleaded guilty to the crime of murder and following a hearing at which evidence was introduced concerning the circumstances under which it was committed, the court imposed a death sentence. In summing up the case, the trial judge incorrectly stated that the appellant "has already killed two men". It is now urged that the judge's belief that the appellant had killed a man before he committed the crime for which he is now under sentence caused him to assess the maximum penalty rather than a sentence of life imprisonment, and constitutes prejudicial error requiring a reversal of the judgment.

This evidence discloses that appellant, a married man, forty years of age, and Louis E. Jette, who was some years his junior, for some time prior to the homicide had been having unnatural sexual relations which commenced when the two were cell mates in a Montana prison. The appellant was then serving a sentence for having shot, although not fatally, a man with whom he had engaged in similar practices. After

the appellant's release from prison he assisted in procuring a parole for Jette. Thereafter the appellant went to work on the Montana farm where Jette lived with his family. The families of the two men discovered their improper relations and apparently Jette placed the entire blame on the appellant. This and the asserted threat of Jette to commit similar acts on the appellant's wife and stepdaughter, then living in Alaska and Texas respectively, were advanced by him as the motivating force leading to the homicide. He admitted that he followed Jette to this state and killed him by placing a can of cyanide poison used in exterminating rodents, in his cabin. He then fled but was soon apprehended.

The appellant testified at length concerning the circumstances surrounding the commission of the crime and in imposing sentence the judge said: "In this case the defendant is a sexual pervert. He has already killed two men." But he also commented at length upon the evidence and stated that there were no mitigating circumstances which would justify a life sentence. True, he did say: "Life imprisonment is practically a joke, fifteen years at the outside." This language is unjudicial but there can be no question that it was intended to express a view that a life sentence with the possibility of parole within a few years was not a sufficient punishment for the crime which had been committed. Among other things, the judge said that "the only argument in his favor, that is to say why the death penalty should not be imposed, is apparently that he has pleaded guilty and saved the county some expense. . . . There is nothing in the evidence to indicate to me that he would come out cured or any better. He would still be of an age when he might commit those acts with other people and might take other people's lives. . . . "

It is, therefore, apparent that although the judge was mistaken in his statement concerning the previous crime committed by the appellant, the death sentence was not imposed for that reason but because, in his opinion, the evidence did not justify punishment by imprisonment for what might be a term much less than life.

The judgment is affirmed.

Traynor, J., Shenk, J., Curtis, J., and Gibson, C. J., concurred.

CARTER, J.—I concur in the judgment of affirmance.